UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROSHAWN L. BROWN,
    *Plaintiff*,

v.       CASE NO. 2:14-CV-12525-PDB-PTM

COMMISSIONER OF       DISTRICT JUDGE PAUL D. BORMAN
SOCIAL SECURITY,       MAGISTRATE JUDGE PATRICIA T. MORRIS

    *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT COMMISSIONER'S MOTION TO DISMISS**
(Doc. 5)

### I.   RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 5) be **DENIED.**

### II.   REPORT

#### A.   Introduction

This case was referred to Magistrate Judge Patricia T. Morris, *see* 28 U.S.C. § 636(b)(1)(B); E.D. Mich. LR 72.1(b)(3), on June 27, 2014. (Doc. 3.) Defendant filed this motion to dismiss on September 8, 2014, contending that Plaintiff's Complaint seeking review of Commissioner's decision denying disability benefits was untimely. (Doc. 5.) Plaintiff filed a response to Defendant's motion on October 2, 2014, (Doc. 9), and Defendant filed a reply on October 14, 2014. (Doc. 10.) The motion is therefore ready for Report and Recommendation.

#### B.   Background

Plaintiff filed his Complaint on June 26, 2014. (Doc. 1 at 2; Doc. 5 at 4.) An Administrative Law Judge denied Plaintiff's Disability Insurance Benefits claim, *see* 42 U.S.C.

§§ 401-434, on January 17, 2013. (Doc. 1 at 2; Doc. 6 at 3.) The Administrative Law Judge's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on April 19, 2014, when the Appeals Council denied Plaintiff's request for review and issued the Notice of Appeals Council Action ("Notice"). (Doc. 4 at 4; Doc. 9 at 2.) Plaintiff asserts that he received the Notice on April 28, 2014, and offers two exhibits as evidence. The first is a copy of the Notice that was sent to Plaintiff's Council, on which was stamped the following:

> RECEIVED
> Apr 28, 2014
> BY _____

(Doc. 9, Ex. 1.) The second is an affidavit by Dawn McNeilly, Plaintiff's attorney's legal assistant, who processes daily mail. (Doc. 9, Ex. 2.) She swears that "[e]ach piece of mail is opened and stamped with the date of receipt" and that "[t]he Notice of Decision issued by the Appeals Council in this matter was received on Monday, April 28, 2014." (*Id.*)

### C. Governing Law and Analysis

Judicial appeals of Social Security decisions are authorized and governed by 42 U.S.C. § 405(g), which provides that,

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he [or she] was a party, . . . may obtain a review of such decision by a civil action commenced *within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). Consistent with this statutory authority, the Commissioner's regulations provide that the civil action

> must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision . . . *is received by the individual* . . . . For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision . . . *shall be*

2

> *presumed to be 5 days* after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c) (emphasis added). "The 60-day limit for seeking review of an adverse Social-Security-benefits determination is 'not jurisdictional but a period of limitations.'" *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (quoting *Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994)). The statute of limitations, as set forth in Section 405(g), serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress . . . [is] able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Courts have strictly construed the statute of limitations in Social Security appeals: "'Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E. D. Pa. 1976); *see also Cook*, 480 F.3d at 437 (affirming district court's dismissal of complaint filed one day late); *Zampella v. Barnhart*, No. 03-232-P-C, 2004 WL 1529297, at *2 (D. Me. June 16, 2004) ("While this result might be considered harsh, delays of a single day have been held to require dismissal.").

The "reasonable showing" requirement necessary to rebut the presumption that the Notice was received within five days of the date on the Notice "is not satisfied by a claimant's mere assertion, even in a sworn affidavit, that he [or she] received the Commissioner's notice after the five-day presumptive receipt date." *Fleming v. Astrue*, No. 12-cv-11268, 2012 WL 6738473, at *3 (E.D. Mich. Oct. 24, 2012). Instead, a plaintiff must "present actual evidence showing that he [or she] received the notice after" the grace period. *Id.* (citing *Cook*, 480 F.3d at 436).

In this case, the Notice was dated April 19, 2014; therefore, the presumption is that Plaintiff received the Notice by April 24, 2014. If this presumption is not rebutted, then Plaintiff's Complaint, which was filed on June 26, would have been due on June 23 and would

have been three days late. However, if Plaintiff rebuts the presumption by showing that he received the Notice on April 28, as alleged, then his Complaint came due on June 27, and therefore was timely. *Cook* requires Plaintiff to "present actual evidence showing that he received notice after" April 24, 2014 in order to rebut this presumption. *Id.* A retrospective affidavit is not enough to rebut this presumption. *Id.* The question, in this case, is whether a date-received stamp, stamped on the Notice by Plaintiff's attorney's legal assistant upon receipt, is "actual evidence" that Plaintiff received the Notice after the five days, thus rebutting the presumption.

I suggest that Plaintiff has rebutted the presumption in this case. It is difficult to imagine a reasonable example of what could possibly rebut the presumption if a date-received stamp could not. In *Pettway ex rel. Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1357-58 (S.D. Ala. 2002), along with an affidavit, the plaintiff submitted a copy of the Notice that was mailed to the plaintiff's counsel. *Id.* The Notice had a "date-received stamp . . . and a handwritten notation" of the corresponding due date sixty days later. *Id.* The court found that this contemporaneous date-received stamp was actual evidence of receipt and not mere *ipse dixit* evidence. *Id.* In fact, courts have used the hypothetical scenario of a date-received stamp on a Notice as an example of how to rebut the presumption. *Flores v. Sullivan*, 945 F.2d 109, 111 (5th Cir. 1991) ("[N]o envelope with a postmark or "received on" date [was] ever produced."); *Salter v. Colvin*, No. 4:12-CV-888, 2014 WL 1280269, at *6 (N.D. Ohio Mar. 27, 2014) ("For example, a plaintiff's sworn statement that plaintiff did not receive the notice, coupled with her attorney's date-stamped notice, constitute a 'reasonable showing' that rebuts the presumption.")

In a footnote in her reply, Defendant calls attention to *Fleming's* assessment of *Pettway's* survey of cases: "'The Sixth Circuit seems to interpret the 'reasonable showing' requirement more stringently [than Alabama does].'" (Doc. 10 at 3 (quoting *Fleming*, 2012 WL 6738473, at *5 n.2).) However, this footnote addresses the cases that *Pettway* surveyed, not *Pettway* itself. *Id.* at *5 (quoting *Pettway*, 233 F. Supp. at 1357 n. 5 ("In most of the other cited cases in which the claimant prevailed, the defendant admitted mailing the notice to the wrong address, or the plaintiff was able to produce evidence 'that reflects the notice was not mailed on or about the date shown on the notice.'")). This is in direct conflict with the Sixth Circuit's finding in *Cook*, that an envelope's postmark, which was a day after the date on the Notice, did not rebut the presumption. 480 F.3d at 436. The crucial distinction between *Cook* and *Pettway* is evidence indicating when the Notice *was mailed* and when the Notice *was received*. Only "actual evidence" of the latter could rebut the presumption in the Sixth Circuit. *See Fleming*, 2012 WL 6738473, at *3.

Defendant also cites *Fleming*, for the proposition that "[a] contemporaneous note 'adds essentially no probative value to the question of the claimant's actual receipt date because any tardy claimant could easily manufacture the necessary evidence.'" (Doc. 10 at 2-3 (quoting *Fleming*, 2012 WL 6738473, at *5 n.3).) However, Defendant omitted the subject of the quoted sentence, which actually said "such a document," and was referring to a calendar that had allegedly been marked up contemporaneously with receipt of the Notice. *See Fleming*, 2012 WL 6738473, at *5 n.3 ("[A]ny tarty claimant could easily manufacture the necessary 'evidence,' say by post-hoc circling a date on a personal calendar."). I suggest that allegedly stamping a date-received on a Notice contemporaneously with receipt is not the same as allegedly circling a date, or jotting a note on a calendar contemporaneously upon receipt. First,

5

the actual Notice is marked instead of the calendar. Second, it is far more difficult, although not impossible, to manually adjust the date on a date-received stamp than to mark up a calendar with a pen after the fact. Further, in this case, because it is Plaintiff's attorney's policy to process all mail daily with a date-received stamp, the Notice must have been stamped with some date when it was received. Therefore, if Plaintiff's attorney had decided to re-stamp it with a different date he would have had to somehow remove the previous stamp. However, the Notice that Plaintiff supplied does not have any markings to indicate that it had previously been stamped with a different date. (*See* Doc. 9, Ex. 1.)

### D. Conclusion

I suggest that Plaintiff has rebutted the presumption and shown that he actually received the Notice on April 28, 2014. Therefore his Complaint was timely because it was due on June 27, 2014 and was filed on June 26, 2014. Accordingly, **IT IS RECOMMENDED** that the Commissioner's Motion to Dismiss be **DENIED.**

## III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.

*Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 11, 2014                    /S PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge