UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSHAWN L. BROWN,

                Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

_____/

Case No. 14-12525

Paul D. Borman
United States District Judge

Patricia T. Morris
United States Magistrate Judge

OPINION AND ORDER: (1) GRANTING DEFENDANT'S OBJECTIONS (ECF NO. 13);
REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 11);
AND (3) GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 5)

Now before the Court is Defendant Commissioner of Social Security's ("Defendant")

Objections to Magistrate Judge Patricia T. Morris' December 11, 2014 Report and

Recommendation wherein she suggested that this Court deny Defendant's motion to dismiss.

(ECF No. 13, Objections).  The Plaintiff filed a response to Defendant's Objections.  (ECF No.

15).  Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and

Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the

Court GRANTS Defendant's Objections, REJECTS the Magistrate Judge's Report and

Recommendation, GRANTS Defendant's Motion to Dismiss (ECF No. 5).

I. BACKGROUND

Plaintiff Roshawn L. Brown brings this action pursuant to 42 U.S.C. § 405(g),

challenging the final decision of Defendant denying his application for Disability Insurance

Benefits ("DIB") under the Social Security Act (the "Act").  Plaintiff's application for benefits

was denied by an Administrative Law Judge on January 17, 2013.  Thereafter, Plaintiff appealed

the unfavorable decision to the Appeals Council.  The ALJ's denial became the final decision of

Defendant on April 19, 2014 when the Appeals Council denied his appeal.

Defendant provides that the Notice of Appeals Council Action ("Notice") was mailed to

Plaintiff and his counsel on April 19, 2014.  (ECF No. 6, Herbst Decl. ¶ 3(a)).  Plaintiff argues

that his counsel received the Notice on April 28, 2014.  Plaintiff relies upon an affidavit of

Plaintiff's counsel's legal assistant who processes daily mail (ECF No. 9, Ex. 2, McNeilly Aff.)

and a copy of the Notice that was sent to Plaintiff's counsel which was stamped with the

following:

RECEIVED
APR 28, 2014
BY _____

(ECF No. 9, Ex. 1).

Plaintiff filed the present complaint on June 26, 2014.  Thereafter, Defendant moved to

dismiss Plaintiff's complaint on the basis that it was filed past the statute of limitations as

provided in the Act and Regulations.  (ECF No. 5).  Plaintiff filed a response and Defendant

thereafter filed a reply.  (ECF Nos. 9, 10).

On December 11, 2014, Magistrate Judge Morris issued her Report and Recommendation

suggesting that the Court should deny Defendant's motion to dismiss.  Magistrate Judge Morris

concluded that Plaintiff had rebutted the presumption that he received the Notice on April 24,

2014, by evidencing that his attorney actually received the Notice on April 28, 2014.  Magistrate

Judge Morris then concluded that because Plaintiff had made a "reasonable showing" that the

Notice was not received until April 28, 2014, then the statute of limitations did not run out until

June 27, 2014 and Plaintiff's complaint, which was filed on June 26, 2014, was timely.

On January 14, 2015, Defendant filed the present Objections to the Magistrate Judge's Report and Recommendation and the Plaintiff filed a response.  (ECF Nos. 13, 15).

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions.  FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).  The Court notes that while Defendant frames the present motion as a motion to dismiss pursuant to Federal Rule 12(b)(6), both Plaintiff and Defendant have submitted evidence to the Court that was not excluded by the Magistrate Judge.  Indeed, Plaintiff submitted two affidavits as well as the date-stamped Notice itself, and Defendant also submitted the Declaration of Patrick J. Herbst in support of its motion.  Therefore, where such evidence is presented to and not excluded, the motion must be treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  *See* FED. R. CIV. P. 12(d).

This rule provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate

that there is a genuine issue for trial.  FED. R. CIV. P. 56(e).  The rule requires the non-moving

party to introduce "evidence of evidentiary quality" demonstrating the existence of a material

fact.  *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (holding that the non-moving party must produce

more than a scintilla of evidence to survive summary judgment).

## III. ANALYSIS

"The 60-day limit for seeking review of an adverse Social-Security-benefits

determination is 'not jurisdictional but a period of limitations.'"  *Cook v. Comm'r of Soc. Sec.*,

480 F.3d 432, 436 (6th Cir. 2007) (citing *Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994)).

Section 405(g) of the Act provides that:

> Any individual, after any final decision of the Commissioner made after a hearing
> to which he was a party, irrespective of the amount in controversy, may obtain a
> review of such decision by a civil action commenced within sixty days after the
> mailing to him of notice of such decision or within such further time as the
> Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  Although the Act uses the phrase "after the mailing", "the regulations

clarify that the 60-day period begins five days after the date of the denial notice."  *Cook*, 480

F.3d at 436.  Indeed, the regulations state that any action:

> must be instituted within 60 days after the Appeals Council's notice of denial
> request for review of the administrative law judge's decision or notice of the
> decision by the Appeals Council is received by the individual, institution, or
> agency, except this time may be extended by the Appeals Council upon a showing
> of good cause.  For purposes of this section, the date of receipt of notice of denial
> of request for review of the presiding officer's decision or notice of the decision
> by the Appeals Council shall be presumed to be 5 days after the date of such
> notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

Accordingly, the Sixth Circuit has held that "the date for filing a Social Security

4

complaint runs from the date that the applicant receives the SSA's denial notice [or denial of a request for a review], not from the date of mailing." *Cook*, 480 F.3d at 436 (citing *McKentry v. Sec'y of Health and Human Servs.*, 655 F.2d 721, 724 (6th Cir. 1981)). A plaintiff can rebut the presumption that he or she received the Notice within five days of the date of the Notice by a "reasonable showing to the contrary." *Harris v. Comm'r of Soc. Sec.*, 25 F. App'x 273, 274 (6th Cir. 2001). The Sixth Circuit has strictly construed this statute of limitations. *See Cook*, 480 F.3d at 437 (affirming the dismissal of a complaint filed one day late).

In the present action, Defendant has set forth through declaration that the Notice was mailed on April 19, 2014. (ECF No. 6, Herbst Decl. ¶ 3(a)). Therefore, if the presumption is not rebutted, Plaintiff had until June 23, 2014 to file his Complaint with this Court. If Plaintiff can "reasonably show" that he received the Notice on April 28, 2014, then his Complaint was due on June 27, 2014 and his June 26, 2014 Complaint was timely filed.

Defendant makes two objections to the Magistrate Judge's Report and Recommendation: (1) that Plaintiff failed to set forth any evidence regarding when the Plaintiff himself received the Notice, as opposed to his counsel, and therefore his arguments are irrelevant; and (2) Plaintiff's submitted evidence does not constitute a "reasonable showing" that the Notice was actually received by Plaintiff on April 28, 2014.

As an initial matter, the Court notes that ordinarily when a Defendant fails to make an argument to the Magistrate Judge, such an argument is waived. *Murr v. United States*, 200 F.3d 895, 902 n .1 (6th Cir. 2000); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001). Here, Defendant failed to set forth the argument to the Magistrate Judge that in the Sixth Circuit it is non-receipt by the claimant, rather than the claimant's attorney, that is significant for determining whether the presumption has been rebutted. (*See* ECF No. 13, n. 1, acknowledging

that the argument was not raised in the papers filed with the Magistrate Judge). However, the Court finds that Magistrate Judge acknowledged this correct legal conclusion in her Report and Recommendation but misapplied the facts in the record. Therefore, the Court will not disregard Defendant's argument that to rebut the presumption, Plaintiff must show that he, himself, did not receive the Notice within five days of the mailing date.

Indeed, the Magistrate Judge made clear in the Report and Recommendation that "[t]he question, in this case, is whether a date-received stamp, stamped on the Notice by Plaintiff's attorney's legal assistant upon receipt, is 'actual evidence' that Plaintiff received the Notice after the five days, thus rebutting the presumption." (R&R, at *4, emphasis added). This statement is consistent with the law of the courts in the Sixth Circuit that have addressed the issue, which have found that "plaintiff herself must rebut the presumption that plaintiff received the Appeals Council decision". *Salter v. Colvin*, 4:12-cv-888, 2014 WL 1280269, *5-6 (N.D. Oh. Mar. 27, 2014) (relying upon the Sixth Circuit's decision in *Cook* to find that the individual referenced in the statute is the claimant rather than her attorney); *see also Ashcraft v. Astrue*, 5:11-cv-00144-R, 2012 WL 1231789, *2-3 (N.D. Ohio. Apr. 12, 2012) (finding same); *Singleton v. Comm'r of Soc. Sec.*, No. 1:09-CV-933, 2010 WL 3734053, at *1 (W.D. Mich. Sept. 20, 2010) (concluding that "[t]he 'individual' referenced by the statute is the claimant or applicant for Social Security benefits".). The Magistrate Judge then concluded that Plaintiff had reasonably shown he did not receive Notice within five days of the mailing day of the Notice. However, the Court finds that Plaintiff failed to set forth any evidence, affidavit or otherwise, that indicated if or when he, himself, received the Notice. In response to Defendant's objections, Plaintiff did submit an affidavit that states he "concurs in the factual statements contained" in the Response to the Objection. (ECF No. 15, Ex. 1, Brown Aff. ¶¶ 1-2). However, the Response to the Objection

merely asserts that Plaintiff "has no records, whatsoever, indicating the date the denial was received by him". (ECF No. 15, at *2). Accordingly, Plaintiff is silent on the issue and did not make any claim, though affidavit or otherwise, to this Court or the Magistrate Judge that he received the Notice after (or before) April 24, 2014.

Additionally, Plaintiff has made no legal argument nor recited any case law that would support the conclusion that a claimant could rebut the five day mailing presumption solely through a date stamped Notice and corroborating affidavit of the date the Notice was received by the claimant's *legal counsel*. *See Salter*, 4:12-cv-888, 2014 WL 1280269, *5 (N.D. Oh. Mar. 27, 2014) ("No circuit that has addressed the issue has stated that receipt of notice by the claimant's attorney can wholly replace receipt by the claimant herself."); *Ashcraft*, 5:11-cv-00144-R, 2012 WL 1231789, *2-3 (N.D. Ohio. Apr. 12, 2012) (rejecting Magistrate Judge's recommendation that "the date of the counsel's receipt of notice supersedes the five-day presumption of delivery to the claimant in 20 C.F.R. 422.210(c)" and finding claim untimely when "Plaintiff is silent on the matter since no affidavit or statement has been present on whether she received notice from the Appeals Council or not.").

Finally, the Magistrate Judge concluded that the date stamped document and the corroborating affidavit of Plaintiff's counsel's assistant was sufficient to rebut the presumption by relying on *Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1357-58 (S.D. Ala. 2002). Yet, the *Pettway* decision is distinguishable from the facts of this action. In *Pettway*, the court found that the claimant had rebutted the presumption by relying upon (1) the *claimant's affidavit* indicating that she received the Notice two days after the five day period, (2) the corroborating evidence of a date-received stamped Notice with a handwritten notation from claimant's attorney, and (3) the claimant's counsel's representation that her mail clerk was carefully trained in use of the date

7

stamp. *Id*. at 1356-57, 1363. The *Pettway* court noted that the claimant's affidavit alone would never suffice to rebut the presumption, but where it was corroborated with the date stamped Notice, the handwritten note and the counsel's attestation to the fact his assistant was trained in mail processing, the presumption was rebutted. (*Id*. at 1357, 1362-63). In the present case, however, there is nothing in the record indicating that Plaintiff received the Notice after April 24, 2014.

Accordingly, the Court finds that Plaintiff has failed to make a "reasonable showing" that he did not receive the Notice within five days of its being mailed. Therefore, Plaintiff is deemed to have received the Notice on or before April 24, 2014, and his Complaint was due on June 23, 2014. Plaintiff's complaint was therefore untimely filed on June 26, 2014.

## IV. CONCLUSION

For all these reasons, the Court GRANTS Defendant's Objections (ECF No. 13); REJECTS the Magistrate Judge's Report and Recommendation (ECF No. 11); and GRANTS Defendant's Motion to Dismiss (ECF No. 5).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 25, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 25, 2015.

s/Deborah Tofil
Case Manager